ORIGINAL

# In the United States Court of Federal Claims

No. 17-813

(Filed: September 8, 2017)

**(NOT TO BE PUBLISHED)**

FILED
SEP - 8 2017
U.S. COURT OF
FEDERAL CLAIMS

```
*************************************
                                     )
FERNANDO MOISES MALDONADO,           )
                                     )
                Plaintiff,           )
                                     )
    v.                               )
                                     )
UNITED STATES,                       )
                                     )
                Defendant.           )
                                     )
*************************************
```

Fernando Maldonado, *pro se*, Elmont, New York.

Renee Alina Burbank, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Chad A. Readler, Acting Assistant Attorney General, Civil Division, and Robert E. Kirshman, Jr., Director, and Tara K. Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

Plaintiff, Fernando Maldonado, filed the present suit against the United States alleging violations of various constitutional and statutory provisions by the New York State Division of Human Rights (NYSDHR) arising out of its handling of an employment discrimination action resolved unfavorably towards Mr. Maldonado. *See* Compl. at 1-2.[1] Mr. Maldonado seeks declaratory and injunctive relief, as well as money damages in an unspecified amount. Compl. at 1. Mr. Maldonado's complaint contains assertions of rights arising out of the Constitution's Commerce Clause, Supremacy Clause, and Fifth Amendment Due Process Clause, as well as the Declaratory Judgment Act and the Civil Rights Act of 1866. *See* Compl. at 1; U.S. Const. arts. I, § 8, cl. 3 & VI, § 1, cl. 2, amend. V; *see also* Declaratory Judgment Act, §§ 1-2, 48 Stat. 955,

---

[1] Mr. Maldonado did not consecutively number the pages of his complaint, so page references to the complaint are to the particular un-numbered page on which the cited reference may be found.

7017 1450 0000 1346 4094

currently codified as amended at 28 U.S.C. § 2201-02; Civil Rights Act of 1871, § 1, 17 Stat. 13, currently codified as amended at 42 U.S.C. § 1983. Mr. Maldonado also asserts claims under unspecified provisions of New York state law, citing the supplemental jurisdiction provisions of the Judicial Improvements Act of 1990, Pub. L. 101-650, § 310, 104 Stat. 5089, currently codified at 28 U.S.C. § 1367.

Mr. Maldonado alleges wrongdoing on the part of both the Equal Employment Opportunity Commission (EEOC) and the NYSDHR, but appears to assert his claims only against the NYSDHR, citing the disposition of a previous case he brought against the EEOC and the NYSDHR in the United States District Court for the Southern District of New York, in which the court held that Mr. Maldonado's claims were barred by the doctrine of sovereign immunity and the Eleventh Amendment, respectively. *See* Compl. at 2-3; *Maldonado v. Equal Employment Opportunity Comm'n*, No. 15-cv-9685 (S.D.N.Y. Jan. 20, 2016). Mr. Maldonado appears to take issue with the determination of the district court as to the NYSDHR's actions, and argues that his claims against the NYSDHR are appropriate for disposition by this court. Compl. at 3.

Pending before the court is the government's motion to dismiss Mr. Maldonado's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") ("Def.'s Mot."), ECF No. 8, which motion is ready for disposition.

## STANDARDS FOR DECISION

When the jurisdiction of this court is contested, Mr. Maldonado, as plaintiff, bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *See Trusted Integration*, 659 F.3d at 1163 (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). But, the leniency afforded to a *pro se* plaintiff with respect to formalities does not relieve such a litigant from satisfying jurisdictional requirements. *See Kelley v. Secretary, U.S. Dept. of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act provides this court with jurisdiction over "any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added). This court's jurisdiction extends only to cases in which the United States is the defendant — states, state agencies, and state officials are not within the bounds of that jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *See also United States v. Sherwood*, 312 U.S. 584, 588 (1941) (ruling that, subject to the caveat that this court's judicial power has since been enlarged to authorize equitable relief in particular instances, this court's "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . , and if the relief sought is against others than the United States the suit as to them must be ignored as

2

beyond the jurisdiction of the court."); *Moore v. Public Defender's Office*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). Correlatively, the Tucker Act does not grant jurisdiction in this court to review the decisions of other federal courts. *See Treviño v. United States*, 113 Fed. Cl. 204, 208 (2013) ("[T]his court does not have jurisdiction over other federal courts or their employees.") (citing *Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir. 1994)).

Further, although the Tucker Act waives sovereign immunity and allows a plaintiff to sue the United States for money damages, *United States v. Mitchell*, 463 U.S. 206, 212 (1983), it does not provide a plaintiff with substantive rights, *United States v. Testan*, 424 U.S. 392, 398 (1976). To perfect jurisdiction in this court, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *Mitchell*, 463 U.S. at 216; *Testan*, 424 U.S. at 398). That is, the plaintiff must identify a source of substantive law that "can fairly be interpreted as *mandating compensation* by the Federal Government for the damage sustained." *Testan,* 424 U.S. at 400 (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Cl. Ct. 1967)) (emphasis added) (additional citation omitted).

"If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also Treviño,* 113 Fed. Cl. at 207 ("Where the court has not been granted jurisdiction to hear a claim, the case must be dismissed.") (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

## ANALYSIS

Mr. Maldonado's complaint asserts various claims against the New York State Division of Human Rights. As its name suggests, the NYSDHR is not an agency of the federal government, but is instead established and organized under the laws of the State of New York. *See* N.Y. Exec. Law § 293 (McKinney 2017) (establishing the NYSDHR). Because the Tucker Act limits this court's jurisdiction to claims asserted "against the United States," *see* 28 U.S.C. § 1491(a)(1), this court lacks jurisdiction to hear any claims, from whatever source derived, against the NYSDHR, *see Moore,* 76 Fed. Cl. at 620. And, insofar as Mr. Maldonado asserts error by the United States District Court for the Southern District of New York as reviewable in this court, that assertion is likewise unavailing. *See Treviño,* 113 Fed. Cl. at 208.

Mr. Maldonado asserts claims for monetary relief under the U.S. Constitution's Commerce and Supremacy Clauses, the Fifth Amendment Due Process Clause, and 42 U.S.C. § 1983. Further, he claims an entitlement to equitable relief under the Declaratory Judgment Act. Finally, he refers to unspecified state law claims for which he purports to invoke supplemental jurisdiction. All of these claims are outside the scope of this court's jurisdiction.

### A. *Constitutional Claims*

Mr. Maldonado claims a right to money damages under the Commerce Clause, Supremacy Clause, and Fifth Amendment Due Process Clause of the U.S. Constitution. These constitutional provisions establish rights but do not require the payment of money for violations. The relevant inquiry is whether the particular constitutional provision "explicitly [or] implicitly obligate[s] the federal government to pay damages." *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (en banc).

The Commerce Clause provides that "[t]he Congress shall have Power . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian tribes," U.S. Const. art. I, § 8, cl. 3, but it cannot "fairly be interpreted" as mandating the payment of money. Because the plain language of the Commerce Clause cannot reasonably be interpreted as mandating the payment of compensation to Mr. Maldonado, absent a pertinent, effectuating federal statute, his Commerce Clause claims are outside this court's jurisdiction.

The Supremacy Clause, U.S. Const. art. VI, § 1, cl. 2, provides that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Similarly to the Commerce Clause, the Supremacy Clause does not provide a jurisdictional basis for suit in this court because it is not money-mandating. *See Treviño v. United States*, 557 Fed. Appx. 995, 998 (Fed. Cir. 2014) (holding that the Supremacy Clause does not mandate the payment of money) (citing *Connolly*, 716 F.2d at 887); *Treece v. United States*, 96 Fed. Cl. 226, 231 (2010) (citing *Hanford v. United States*, 63 Fed. Cl. 111, 119 (2004)) (concluding that the Court of Federal Claims does not have jurisdiction to hear a Supremacy Clause claim).

Mr. Maldonado's claim under the Due Process Clause of the Fifth Amendment is also unavailing. The Due Process Clause provides that "No person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. It also is not money-mandating. *See, e.g., LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (Cl. Ct. 1980) (holding that the Fifth Amendment Due Process Clause is not money-mandating); *see also In re United States*, 463 F.3d 1328, 1335 n. 5 (Fed. Cir. 2006) ("[B]ecause the Due Process Clause [of the Fifth Amendment] is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act.").[2]

---

[2]Some prior decisions have appeared to construe the Fifth Amendment's Due Process Clause as supporting Tucker Act jurisdiction "when a claim seeks the return of money paid to the federal government, under the rubric of an illegal exaction." *See Hephzibah v. United States*, No. 16-402, 2016 WL 4490575, at *4 n. 3 (Fed. Cl. 2016) (citing *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996) (discussing illegal extraction claims generally); *Coleman v. United States*, No. 13-431, 2014 WL 949984, at *3 (Fed. Cl. 2014)). But regardless of whether illegal extraction claims are premised on the Fifth Amendment, Mr.

4

*B. 42 U.S.C. § 1983*

Section 1983 provides a right of redress for deprivations of "any rights, privileges, or immunities secured by the Constitution and laws [of the United States]," 42 U.S.C. § 1983, but jurisdiction to adjudicate such claims rests solely with the district courts, *see* 28 U.S.C. § 1343(a)(4) ("[T]he *district courts* shall have original jurisdiction. . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.") (emphasis added). It is well-settled that these provisions confer exclusive jurisdiction on the district courts and thus bar this court from considering those claims. *See Ajamian v. United States*, 609 Fed. Appx. 652, 654 (Fed. Cir. 2015) (*per curiam*) (Plaintiff "references 42 U.S.C. § 1983 . . . but United States district courts have original jurisdiction over claims arising under those statutes. . . . Because the Court of Federal Claims is not a district court of the United States, . . . it does not have jurisdiction to consider [these] claims.") (citations omitted) (internal quotation marks and brackets omitted); *see also Khalil v. United States*, ___ Fed. Cl. ___, 2017 WL 3276883, *2 (2017) ("[Section] 1983 does not confer jurisdiction on the Court of Federal Claims over claims against the United States.") (citing *Johnson v. United States*, 135 F.3d 778 (Fed. Cir. 1998) (per curiam)). In short, Mr. Maldonado's § 1983 claims are outside the jurisdiction granted this court by the Tucker Act.

*C. Declaratory and Injunctive Relief*

Mr. Maldonado also seeks equitable relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. A rule of long standing, however, is that this court lacks the power to afford general equitable relief of the type Mr. Maldonado apparently seeks. *See United States v. King*, 395 U.S. 1, 2-3 (1969) (citing *United States v. Alire*, 73 U.S. (6 Wall.) 573, 575 (1867); *United States v. Jones*, 131 U.S. 1, 9 (1889); *Glidden Co. v. Zdanok*, 370 U.S. 530, 557 (1962)); *see also Halim v. United States*, 106 Fed. Cl. 677, 684-85 (2012) (citing *Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716-17 (Fed. Cir. 1998)) ("This court has never been afforded the general authority to issue declaratory judgments or to grant injunctive relief."). Indeed, "this court may only award equitable relief under certain statutorily defined circumstances." *Halim*, 106 Fed. Cl. at 684; *see also, e.g.*, 28 U.S.C. §§ 1491(b)(2), 1507. Equitable relief, then, is the exception, not the rule, for the range of remedies this court may grant. Because Mr. Maldonado has not pointed to any provision of law that affords the court the ability to grant declaratory or injunctive relief in the circumstances he alleges, this court lacks jurisdiction to consider those claims.

*D. State Law Claims*

Finally, Mr. Maldonado asserts that this court has jurisdiction over certain unspecified New York state law claims pursuant to the supplemental jurisdictional provisions of 28 U.S.C. § 1367(b). This too is unavailing. Section 1367 provides for supplemental jurisdiction over certain state law claims "in any civil action of which *the district courts* have original jurisdiction." 28 U.S.C. §1367(b) (emphasis added). In addition to this limited applicability to

---

Maldonado's complaint cannot fairly be read as alleging any facts that would support such a theory of recovery here.

5

district courts contained in the plain language of § 1367, the Tucker Act's jurisdictional provisions limits this court's jurisdiction to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491. As these provisions indicate, "[c]laims founded on state law are . . . outside the scope of the limited jurisdiction of the Court of Federal Claims." *Souders v. South Carolina Public Service Authority*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) (citing *Mitchell*, 463 U.S. at 215-18); *see also Willis v. United States*, 96 Fed. Cl. 467, 471 (2011) (citing *Mitchell*, 463 U.S. at 215-18) ("[A] plain reading of the Tucker Act precludes state claims . . . , and the Supreme Court has interpreted 28 U.S.C. § 1491 to exclude state law claims.").

Ultimately, none of Mr. Maldonado's allegations are within this court's jurisdiction, and the NYSDHR is not a proper defendant in this court. For this reason, the government's motion to dismiss Mr. Maldonado's complaint is granted.

## CONCLUSION

For the reasons stated, the government's motion to dismiss Mr. Maldonado's complaint is GRANTED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge